Filed 8/6/13  P. v. Graham CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058069 |
| v. | (Super.Ct.No. FMB1300029) |
| GEORGE WILLIAM GRAHAM, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Rodney A. Cortez, Judge.  Affirmed.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent

Defendant George William Graham is serving two years and eight months in prison after pleading guilty to second degree commercial burglary.  (Pen. Code, § 459.) We affirm the conviction.

## FACTS AND PROCEDURE

After being arrested for breaking into a restaurant and stealing a laptop computer, defendant admitted to having, on January 15, 2013, broken into a nearby insurance office by throwing a rock into a rear window and then climbing in. Defendant searched through the drawers of all the desks and took approximately $800 in cash before leaving through the broken rear window.

On January 18, 2013, the People filed a felony complaint charging defendant with second degree commercial burglary and alleging that he had a prior strike conviction (Pen. Code, §§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i).)

On January 29, 2013, defendant pled guilty to the charge and admitted the strike prior. Defendant agreed that the police report would serve as the factual basis for the plea and that he would be sentenced immediately. The trial court sentence defendant to the agreed-upon low term of 16 months, doubled to two years and eight months for the strike prior.

On February 8, 2013, defendant appeared in court, intending to move to withdraw his plea. However, as defense counsel acknowledged and the trial court agreed, the time for making such a motion had already passed. (Pen. Code § 1018.) Defense counsel stated "But he has other avenues and one of them is motion to vacate" and asked the court to appoint counsel to advise defendant as to these other avenues. The trial court denied that request.

Defendant appealed and asked for a certificate of probable cause, stating that his "attorney coerced defendant into entering his plea." The trial court denied the certificate

2

of probable cause. Defendant filed an amended notice of appeal stating that his appeal is based upon the sentence or other matters that occurred after his plea and does not affect the plea's validity.

## DISCUSSION

Upon defendant's request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts, and potential arguable issues and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

## DISPOSITION

The conviction is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.


We concur:

KING
J.

CODRINGTON
J.

3